**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>MARK C. LARSON,<br><br>　　　　Debtor. | Case No: 6:24-bk-12344-MH<br><br>Chapter 7<br><br>**MOTION TO REOPEN CLOSED CASE TO FILE A MOTION TO AVOID A JUDICIAL LIEN UNDER 11 U.S.C. §522(f)**<br><br>**[No hearing required]** |

TO THE HONORABLE MARK D. HOULE, THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

　　　Debtor, Mark C. Larson, hereby moves this Court for an order, without a hearing, reopening this case so that he may file a motion to avoid the lien that is encumbering his residence.

　　　Pursuant to Local Bankruptcy Rules 5010-1(e) and 9013-1(q)(11), this motion may be granted without a hearing and without additional notice.

**STATEMENT OF FACTS**

1. The Debtor commenced this voluntary Chapter 7 case on April 29, 2024 and was granted a discharge on August 5, 2024.

2. At the time of filing of the petition, there existed a judicial lien held by One Main Financial which encumbered the Debtor's residence.

3. The balance on the Debtor's mortgage on the petition date was approximately $180,272, the value was approximately $465,000. Debtor owns 50% of the property, and is entitled to a homestead exemption of $474,000, which renders the judgment lien avoidable in its entirety.

4. The Debtor was not aware of the abstract of judgment and did not move to avoid it when his case was open previously. He only learned of the existence of the lien when he began the process of refinancing his home and the lien was discovered by the title company.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

11 U.S.C §350 provides as follows:

*"(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.*

*(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."*

See also In re Dodge, 138 B.R. 602 (Bkrtcy.E.D. Cal. 1992).

Section 522(f) of the Bankruptcy Code gives the Debtor the ability to avoid the judicial lien to the extent that it impairs his homestead exemption. However, in order for the Debtor to avail himself of the benefits of this section, it is necessary for his case to be reopened so that he may file such a motion. Relief will be accorded to the Debtor if and when he is able to avoid the judicial lien which encumbers his home.

A Bankruptcy Court's authority to reopen a closed case to afford debtors the opportunity to avoid liens pursuant to Bankruptcy Code §522(f) has been recognized by the Courts of the Ninth Circuit. The Court held in In re Yazzie, 24 B.R. 576, 577 (9th Cir. 1982) that, "*In the absence of prejudice to creditors, ... neither the entry of discharge nor the closing of the case are time bars to lien avoidance actions under 11 U.S.C. 522(f)(2).*" In In re Ricks, 89 B.R. 73, 75 (9th Cir. BAP 1988), the Court concluded that the key factor in allowing the late avoidance of a lien pursuant to §522(f) is whether the creditor is sufficiently prejudiced so that it would be inequitable to allow avoidance of the lien. Quoting In re Quackenbros, 71 B.R. 693,695 (Bankr. E.D. Pa 1987), the Ricks court stated the rationale for its conclusion that:

*"(1) the absence of any deadline in the Code or the Bankruptcy Rules for initiating a lien avoidance proceeding under §522(f), especially when contrasted with 11 U.S.C. §546(d); (2) the text of 11 U.S.C.§350 which states that a case may be reopened to accord relief to the debtor; (3) legislative history which refers to reopening cases for lien avoidance, subject to the bar of laches; (4) the fresh start policy of the Code which encourages the full application of the Code's exemption provisions; and (5) the interpretation of the right to avoid liens under § 522(f) as a 'personal' right of the debtor which exists independent of case administration."*

The Ninth Circuit Court of Appeals followed this rationale in <u>In re Chabot</u>, 992 F.2d 891, 893 (9th Cir. 1993) where it held that the debtor's delay in bringing a lien avoidance action is not sufficient to cause prejudice to the creditor.

Wherefore, it is respectfully submitted that the Debtor's Chapter 7 case should be reopened in order for him to file a motion to avoid the judicial lien encumbering his residence.

Date: September 12, 2025                    /s/Benjamin Heston
                                            BENJAMIN HESTON
                                            Attorney for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO REOPEN CLOSED CASE TO FILE A MOTION TO AVOID A JUDICIAL LIEN UNDER 11 U.S.C. §522(F)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/12/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Todd A. Frealy (TR)    taftrustee@lnbyb.com, taf@trustesolutions.net
Neil R Hedtke    hedtkelg@gmail.com, hedtkeecf@gmail.com;r42667@notify.bestcase.com;rowena@flatrocklegal.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/12/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/12/2025 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**